UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES S. COOK,

        Plaintiff,

v.                                          Case No. 17-cv-913-pp

VIN DIESEL, ROB COHEN, NEAL H. MORITZ,
GARY SCOTT THOMPSON, MEDIA STREAM FILM,
and UNIVERSAL PICTURE, USA,

        Defendants.

---

**ORDER DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

---

On July 5, 2017, plaintiff James S. Cook, an incarcerated inmate who is representing himself, filed a complaint alleging that the defendants violated his constitutional rights. Dkt. No. 1. He also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. Because the plaintiff was incarcerated at the time he filed his complaint, the Prison Litigation Reform Act (PLRA), 28 U.S.C. §1915, applies.

Under the PLRA, an incarcerated plaintiff may not bring a civil case without prepaying the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired these three "strikes" as outlined under §1915(g), a court looks at whether the prisoner has had any case "dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998) (citing Abdul–Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996)). If the plaintiff has previously had three or more cases dismissed for one of these three reasons, the court cannot allow him to proceed without prepaying the filing fee unless he can demonstrate that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

On July 26, 2017, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $6.82 before it would consider whether to allow him to proceed without prepaying the filing fee. Dkt. No. 9. The court received that fee on August 17, 2017. Unfortunately, the plaintiff's case then fell through the cracks, in part because of the court's heavy case load. It is the court's fault that it has taken so long to take further action in the plaintiff's case, and the court apologizes for the extreme delay.

The court notes, however, a fact that it missed when it issued the initial partial filing fee order back in July 2017—the plaintiff has accumulated four strikes: Cook v. State of Wis., *et al.*, 96-cv-1138 (dismissed as frivolous); Cook v. El-Amin, *et al.*, 97-cv-280 (dismissed for failure to state a claim); Cook v. Litscher, 99-cv-479 (dismissed with a strike); and Cook v. Waldera, 09-cv-224 (dismissed for failure to state a claim). This means that the court cannot allow

2

the plaintiff to proceed without paying the full $400 filing fee unless the plaintiff's complaint demonstrates that he is in imminent danger of physical injury. The complaint does not meet that standard.

The complaint alleges that the defendants infringed on his copyright with their production of the movie, "The Fate of the 8: Fast and the Furious." Dkt. No. 1 at 1-2, 5-6. He claims that he wrote the story on which that film was based. Id. An allegation of copyright infringement does not raise to the level of imminent danger of serious physical injury—it doesn't even come close. "The 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)). The plaintiff has not alleged any danger of physical injury at all, much less a threat of any kind of injury that is real and proximate. The court will deny the plaintiff's request to proceed without prepaying the filing fee.

The court will require the plaintiff to pay the full filing fee of $400 (the $350 filing fee plus the $50 administrative fee that applies to litigants who cannot proceed without prepaying the filing fee). Newlin v. Helman, 123 F.3d 429, 433–34 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). If the court does not receive the full $400 fee by the deadline stated below, the court will dismiss the case. Newlin, 123 F.3d at 434.

If the court receives the $400 fee in full before the deadline below, the court will review the plaintiff's complaint to determine whether the plaintiff's copyright infringement claim is frivolous or malicious or fails to state a claim upon which relief can be granted. If the court determines that the claim is frivolous or malicious or that the complaint fails to state a claim upon which relief can be granted, the court not only will dismiss the complaint, but will assess the plaintiff another "strike" under §1915(g). The court notes that this is not the first time the plaintiff has filed a lawsuit claiming that Hollywood stole stories from him. In <u>Cook v. Ice Cube, et al.</u>, 16-cv-1096-JPS, the plaintiff sued Ice Cube, John Ridley, Metro Goldwyn Mayer and other Hollywood notables, alleging that they stole from him the story behind the movie "Barbershop: The Next Cut." The plaintiff should consider carefully whether he wishes to proceed with this similar suit. If he wants to avoid yet another strike, he can file a motion to voluntarily dismiss his case before the deadline below.

The court **DENIES** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that by the end of the day on **Friday, December 14, 2018**, the plaintiff must pay the $400 filing fee in full. This means that the plaintiff must forward **$393.18** (the $400 fee less the $6.82 he paid as an initial partial filing fee) to the Clerk of Court by the deadline. If the court does not receive the full $400 fee by the end of the day on **Friday, December 14, 2018**, the court will dismiss the case on the next business day for failure to

4

pay the filing fee. The plaintiff may pay the filing fee by personal check, certified check or money order, made payable to "Clerk, U.S. District Court," or by credit card. The clerk's office charges a fee for every check returned for insufficient funds.

The court will send a copy of this order to the officer in charge of New Lisbon Correctional Institution where the plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**